IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KEITH M. BAITY,<br><br>               Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE, UNITED STATES JUSTICE DEPARTMENT, and UNITED STATES MARSHALS SERVICE,<br><br>               Defendants. | CV 17-175-M-DLC-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

I.     Introduction

       Plaintiff Keith Baity, appearing pro se, filed a Motion to Proceed In Forma Pauperis. Baity submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Baity's Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Baity's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

1

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Baity's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

II.  Background

Baity commenced this action to challenge Defendants' alleged conduct in interfering with his business advertising practices. Baity is self-employed as a

2

grout and tile restoration specialist. He advertises his business by what he refers to as "home delivered advertising" which apparently involves placing printed advertisement publications in or on residential mailboxes. Defendant United States Postal Service ("USPS") has engaged in various acts apparently seeking to prevent Baity from placing his advertisements in mailboxes. Baity alleges the USPS is liable to him for its conduct which he alleges has interfered with his business, livelihood, and income.

Baity alleges the United States Department of Justice, though one of its Assistant United States Attorneys, brought "procedural actions" against him for his conduct in seeking to prevent the USPS from interfering with his business advertising practices. And he alleges the referenced Assistant United States Attorney colluded with two United States Marshal Deputies and arranged for the Deputies to visit Baity at his house, during the dinner hour, on September 29, 2016. Therefore, he alleges the United States Department of Justice and the United States Marshals' Service are liable to him for their various actions squelching his attempts to convince the USPS to cease its interference with his advertising practices.

Baity alleges all Defendants are liable under various federal laws. And he asserts he is entitled to recover compensatory and punitive damages from

Defendants.

III. Discussion

Because Baity is proceeding pro se the Court must construe his pleading liberally, and the pleading, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Nonetheless, pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

A. Res Judicata

In 2016 Baity commenced a civil action in state district court against the USPS presenting the exact same factual allegations against the USPS as he asserts in this case. The USPS removed that prior case to this Court in *Baity v. USPS*, Cause No. CV 16-103-M-DLC (hereinafter referred to as "*Baity I*"). In *Baity I* Baity explained that he distributed private business advertisement flyers by leaving them at private homes and on residential mailboxes. USPS employees removed his flyers from the mailboxes and, therefore, Baity alleged the USPS unlawfully interfered with his lawful business activities in violation of his rights.

The USPS moved to dismiss Baity's claims in *Baity I* for lack of jurisdiction and for failure to state a claim upon which relief could be granted under Fed. R.

4

Civ. P. 12(b)(1) & (6). By Order entered January 12, 2017, the Court granted the USPS's motion to dismiss and entered Judgment in favor of the USPS. Therefore, for the reasons discussed, the Court finds Baity's claims advanced in this action against the USPS are barred under the doctrine of res judicata.

Although a federal court must be cautious in raising a preclusion bar sua sponte, it is appropriate to do so in special circumstances. *Arizona v. California*, 530 U.S. 392, 412 (2000).

> [I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.

*Arizona*, at 412 (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)). "As a general matter, a court may, sua sponte, dismiss a case on preclusion grounds 'where the records of that court show that a previous action covering the same subject matter and parties had been dismissed.'" *Headwaters, Inc. v. United States Forest Service*, 399 F.3d 1047, 1054-55 (9th Cir. 2005) (quoting *Evarts v. W. Metal Finishing Co.*, 253 F.2d 637, 639 n.1 (9th Cir. 1958)). Thus, where judicial resources have previously been spent on the resolution of a particular prior case, special circumstances can be found warranting the court's sua sponte application of res judicata to a plaintiff's subsequent attempt

to relitigate the same case. *Cf. Arizona*, at 412-413, and *Headwaters, Inc.* at 1056-57.

This Court has notice of the facts and circumstances of Baity's allegations in Baity *I* and the proceedings in that case. This Court expended judicial resources addressing the merits of Baity's federal claims previously pled against the USPS, and dismissed those claims. Baity now seeks to sue the USPS again in this action for the same actions and conduct that the Court addressed in *Baity I*. It would be a waste of judicial resources to again adjudicate claims stemming from the same predicate facts as were presented in *Baity I*. Therefore, the Court finds it is appropriate to raise the doctrine of res judicata sua sponte.

Res judicata, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata is applicable when (1) the prior litigation and the present action involve the same claims, or when the two cases have an "identity of claims;" (2) a final judgment on the merits was entered in the prior litigation; and (3) there exists privity between the parties in the two cases. *Headwaters, Inc. v. United States Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005) (citations omitted).

In assessing whether two litigation matters involve the same claims, a court must consider:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Headwaters, Inc.*, 399 F.3d at 1052.

All of the elements of res judicata and the identified factors for consideration are satisfied in this case. Baity again seeks to brings legal claims predicated upon the same conduct of the USPS that he challenged in *Baity I*. Each case arose out of the same nucleus of operative facts, and in each case Baity asserted he has a right to place his private business advertisements in mailboxes and that the USPS has unlawfully interfered with his right to do so. A judgment was entered in *Baity I* dismissing Baity's federal claims against the USPS, and Baity did not appeal that judgment which renders the judgment final. The USPS is entitled to rely upon the finality of the judgment in *Baity I,* and that finality would be impaired by this relitigation of the same matter. Therefore, Baity's federal claims against the USPS advanced in this case are barred by the doctrine of res judicata, and should be dismissed.

B. United States Department of Justice and United States Marshals Service

Baity asserts that the United States Department of Justice, through one of its Assistant United States Attorneys, Megan Dishong, violated federal law by her conduct in representing and defending the USPS in the litigation in *Baity I*. He contends Dishong used the legal system in *Baity I* to stop him from advertising for his business, and that she failed to investigate the conduct of the USPS in allegedly interfering with his business activities. He also complains that in September, 2016, Dishong, through an alleged abuse of her power, dispatched two Deputy United States Marshals to his residence to intimidate him.

Baity next alleges the United States Marshals Service is liable to him for the conduct of the two Deputy Marshals who went to his residence in September, 2016. He complains the Deputies unlawfully provided evidence to Dishong which he believes was used against him in *Baity I.* He also complains the two Deputies failed to investigate claims against federal agencies.

Baity's factual allegations seek to impose liability against the United States Department of Justice and the United States Marshals Service based on the conduct of those agencies' employees. He names only those two agencies as Defendants in this action, and he does not name the individual agents or employees as Defendants. But for the reasons discussed, the United States and its agencies enjoy

sovereign immunity from liability absent an expressly stated exception to the immunity.

The doctrine of sovereign immunity "shields the United States from suit absent a consent to be sued[, or waiver of sovereign immunity,] that is 'unequivocally expressed[]'" in the text of a federal statute. *United States v. Bormes*, 568 U.S. 6, 9-10 (2012) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992)). The immunity extends to the agencies of the United States. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994).

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). A court's jurisdiction over any suit against the United States may be based only upon "a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *Jachetta*, 653 F.3d at 903 (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)).

The party asserting a claim against the United States bears the burden of identifying an unequivocal waiver of immunity. *United States v. Park Place Associates Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009).

In Baity's claims against the United States Department of Justice and the United States Marshals Service he cite to several statutes as follows: 15 U.S.C. §§ 4, 15, 35, 45, and 1125(a)(1)(A)(2); 18 U.S.C. §§ 242, 1001(a)(1-3), 1341, 1346, 1961, 1962(c) & (d), 1963, and 1964(c); 42 U.S.C. §§ 1983 & 1985; and 25 C.F.R. § 11.4448(a) & (b).[1] But the Court finds that none of the cited statutes contain a waiver of the United States' immunity, or the immunity of its agencies. Therefore, the Court finds the United States Department of Justice and the United States Marshals Service enjoy sovereign immunity from civil liability for the federal claims identified by Baity, and the claims must be dismissed.

## IV. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that Baity's claims against the USPS be DISMISSED as barred by the doctrine of res judicata, and that Baity's claims against the United States Department of Justice and the United States Marshals Service be DISMISSED as barred by sovereign immunity and the Court's resulting lack of jurisidiction.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not

---

[1] The Court finds there does not exist a regulation identified as 25 C.F.R. § 11.4448.

be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). A court may dismiss a pro se action without leave to amend if the court finds that any attempted amendment would be futile. *Rouse v. United States Department of State*, 567 F.3d 408, 418-19 (9th Cir. 2009).

Under the circumstances of the facts pled by Baity the Court finds it is clear that the application of the doctrines of res judicata and sovereign immunity could not be avoided by an amendment of Baity's pleading. Therefore, the Court recommends this action be dismissed without leave to amend.

DATED this 22nd day of January, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge